United States District Court
for the
Southern District of Florida

| | |
|---|---|
| The Bank of New York Mellon, <br> Plaintiff, <br><br> v. <br><br> Levar C. Johnson and others, <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-23073-Civ-Scola <br> ) <br> ) <br> ) |

## Order Remanding Case

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court concludes subject-matter jurisdiction over this action, removed by pro se Defendant Levar C. Johnson, is lacking.

Johnson has removed this 2018 foreclosure case from state court. In his notice of removal, Johnson appears to rely on diversity jurisdiction to support removal but also mentions the presence of a purported federal claim as well. Removal in this case is not proper on either ground.

First, 28 U.S.C. § 1441(b)(2) bars removal on the basis of diversity if one of the "defendants is a citizen of the State in which [the] action is brought." In a previous attempt to remove this same case, Johnson stated that he is a citizen of Florida. *Bank of New York v. Levar Curtis Johnson*, 1:22-cv-22955-BB, ECF No. 1, Notice (S.D. Fla. Sep. 16, 2022). Johnson still lists the same address in Miami, Florida, as his residence. He also does not claim to be a citizen of a different state. Without any support, or even allegation, showing, that he is not, in fact, a citizen of Florida, Johnson cannot remove this case based on diversity jurisdiction.

Next, to the extent Johnson intended to premise his removal on federal-question jurisdiction, his attempt fails. The complaint here, filed by Defendant The Bank of New York Mellon in state court, asserts one count of mortgage foreclosure, alleging Johnson has failed to make any mortgage payments since early 2014. Without more, this is undoubtedly a state-law claim. "[T]o be removable on federal-question jurisdiction grounds, the case must arise under federal law." *Madzimoyo v. Bank of N.Y. Mellon Trust Co., N.A.*, 440 F. App'x 728, 730 (11th Cir. 2011). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir.

1997). That is, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Further, neither a defendant's answer nor a notice of removal can be relied upon to establish jurisdiction over a cause of action. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Additionally, Johnson's notice is successive to a notice of removal that was, less than two weeks ago, assigned to Judge Beth Bloom, in Case No. 1:22-cv-22955-BB, as referenced above. In that case, Judge Bloom, upon the Court's own review, found Johnson's removal to be improper (1) for failing to adequately allege the jurisdictional threshold of $75,000 and (2) because Johnson is a citizen of Florida—the state in which the action was brought. While Johnson now clarifies that the amount in controversy is $140,000.13 and leaves out any direct mention of his or the Bank's citizenship, he identifies no change in the factual basis underlying his attempt to remove this case for the second time. *See Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010) (recognizing that successive removals are only permitted to the extent they are based on a "different factual basis" in the case).

Furthermore, Johnson's removal also appears to be untimely: the state-court docket indicates Johnson was served in December 2018. If Johnson submits this case is removable based on the initial pleading, his notice of removal is untimely under 28 U.S.C. § 1446(b)(1) by many years. If, on the other hand, he believes this case is removable based on "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," he has failed to identify any such document or new basis of removal that would trigger a new thirty-day clock. 28 U.S.C.A. § 1446(b)(3).

Lastly, because Johnson's removal appears thoroughly meritless, and because this is his second meritless removal attempt, the Court finds Johnson's notice of removal to be filed in bad faith. Accordingly, in addition to remanding this case back to state court, the Court also **directs the Clerk to (1) place Johnson on the Court's restricted-filer list and (2) not accept any further pro se filings from Johnson that seek removal of the Bank's state foreclosure case against him unless Johnson has either (A) paid the applicable filing fee; or (B) sought and been granted leave of Court to file the notice**.

The Court thus **orders** this case **remanded** back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Because this case is remanded, the Court **denies** Johnson's motion to proceed *in forma pauperis* **as moot** (**ECF No. 3**). Lastly, because the Court has remanded this

case and entered a filing injunction against Johnson, it **denies** the Bank's motion to remand **as moot** (**ECF No. 6**).

The Clerk is directed to **close** this case and take all necessary steps to ensure the prompt remand of this action and transfer this file back to the state court.

**Done and ordered** at Miami, Florida, on September 27, 2022.

_____
Robert N. Scola, Jr.
United States District Judge